establishing the fact relied upon by the appellants. Of course, the assessors are not required to assess property at the highest price for which it can be sold under the most favorable circumstances, and in valuing property for purposes of taxation it is entirely proper for them to take into account the situation of the property and all of the attending circumstances, whether it is improved or unimproved, productive or unproductive; but of course, having determined the real value of unimproved property, it is their duty to assess accordingly, and, if it appeared in this case that they arbitrarily assessed improved property at 70 per cent. and unimproved property at 50 per cent. of the real value so determined, and that the general average left the relators uninjured, a different question would be presented. But the evidence does not establish this, and the appellants are therefore in the position of urging a proposition which, so far as the evidence and the findings are concerned, is not involved in the case. This conclusion renders it unnecessary to consider the effect of section 906 (Laws 1897, p. 324, c. 378) of the charter, as amended by chapter 466, p. 386 of the Laws of 1901.

The order and judgment should be affirmed.

Judgment and order affirmed, with $10 costs and disbursements. All concur.

---

(107 App. Div. 284.)

### In re BEDELL'S WILL.

(Supreme Court, Appellate Division, Second Department. July 27, 1905.)

WILLS—KNOWLEDGE OF CONTENTS—EVIDENCE—SUFFICIENCY.

  Testator bequeathed to contestant, his grandson and only descendant, who lived with and took care of him, and with whom he was on friendly terms, property of the value of about $3,600, and bequeathed to proponent, who was his attorney and drew the will, but was in no way related to testator, about $7,500, which was practically all the residue of his estate. Testator, when he executed the will, was 75 years of age, partially deaf, and unable to read or write. *Held*, that evidence that testator had stated that proponent had been a good friend to him, had taken care of him and given him legal advice, and that he would look after proponent in his will, and had said that his relatives would not get his money, for he had made a will and left most of it to strangers, was insufficient to support the burden cast upon proponent of proving that testator had an intelligent knowledge of the contents of the will.

Appeal from Surrogate's Court, Nassau County.

In the matter of proving the last will and testament of Abram Bedell, deceased; Charles S. Powell proponent, and Joseph Bedell contestant. From a decree refusing to admit the will to probate, proponent appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, RICH, and MILLER, JJ.

George Wallace, for appellant.
John Lyon, for respondent.

MILLER, J. Abram Bedell died on the 10th day of March, 1904, leaving an alleged last will and testament, dated June 1, 1898, purporting to bequeath and devise to one Joseph Bedell, a grand-

son, and the only descendant of the testator, the homestead, valued at $2,100, and $1,500 in money; to a half-brother $500; and to one Charles S. Powell all the residue of his estate, which at the time of his death amounted to approximately $7,500. The will also contained a provision bequeathing and devising to the wife of the testator, in case of his marriage, the use of said homestead property and $1,000 in money in lieu of her dower rights. At the time of the execution of the will the testator was 75 years of age, partially deaf, and unable to read or write. The said Charles S. Powell, the residuary legatee, was a young man 37 or 38 years of age, in no way related to the testator, and there is not a single suggestion in the record why he should have been made the object of the testator's bounty to the extent of three-fourths of his estate. The testator appears to have been at all times on friendly terms with his grandson, and the last year or two of his life his grandson lived with and took care of him. Several witnesses testified to declarations of the testator indicating an intention that his grandson should have the bulk of his property. The said Powell was the legal adviser of the testator, the draftsman of the will, and procured the witnesses to its execution. Upon the death of the testator he produced it for probate, and, so far as the record discloses, was the only person who ever read it or had possession of it.

The contestant, although not disputing that the testator was of disposing mind and memory, invokes the rule that, under the circumstances disclosed in this case, it was not sufficient for the proponent to show merely the formalities which ordinarily suffice to justify probate, but that it was necessary to show affirmatively that the testator knew the contents of the will, and that it expressed his intention. Ordinarily proof of the factum of the will is sufficient to meet the burden always cast upon the proponent of showing that the instrument offered was in fact the will of the testator; but the appellant in this case concedes that he was required to show affirmatively that the testator had an intelligent knowledge of the contents of the will, and asserts that he has shown this by the evidence of two witnesses, one of whom was a clerk in the office of said Powell, who testified that upon one occasion he heard the testator say, "Charles has always been a good friend of mine [referring to said Powell], and has always taken care of me, has given me legal advice, and when I die I will see that he is taken care of in my will," and at another time, "Mr. Powell is looking after me now, but I will look after him in my will." The other witness testified to hearing the testator say that all his relatives wanted of him was to get his money, and that they would not get it, for he had made a will and left most of it to strangers. The testator evidently knew that he was executing a will, and thought he knew its contents, and we must assume that something was read to him; but there is no proof that the instrument offered was ever read to him, that he knew its contents, or that it expressed his intention, unless the evidence referred to constituted such proof.

The learned Surrogate thought that, under the peculiar circumstances disclosed in this case, this evidence was not sufficient to meet the burden cast upon the proponent, and in this view we fully concur.

The decree should be affirmed, with costs. All concur.

